UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 09-101-GWU

EVERETT WAYNE NAPIER,                                    PLAINTIFF,

VS.                  **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                  DEFENDANT.

### INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his application for Disability Insurance Benefits (DIB). The appeal is currently before the court on cross-motions for summary judgment.

### APPLICABLE LAW

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991); <u>Crouch v. Secretary of Health and Human Services</u>, 909 F.2d 852, 855 (6th Cir. 1990). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. <u>Crouch</u>, 909 F.2d at 855.

1

09-101  Everett Wayne Napier

The regulations outline a five-step analysis for evaluating disability claims. See 20 C.F.R. § 404.1520.

The step referring to the existence of a "severe" impairment has been held to be a de minimis hurdle in the disability determination process. Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986). An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir. 1985). Essentially, the severity requirements may be used to weed out claims that are "totally groundless." Id., n.1.

Step four refers to the ability to return to one's past relevant category of work, the plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which

appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e);

however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. <u>Ibid</u>. In such cases, the agency may be required to consult a vocational specialist. <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Napier, a 40-year-old former heavy equipment operator, truck driver, salesman and service station manager with a high school equivalent education, suffered from impairments related to mechanical low back pain, lumbar facet arthropathy, and being status-post L5-S1 fusion with a grade 1 spondylolisthesis. (Tr. 349, 355). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 352, 355). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 355-356). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 356).

09-101  Everett Wayne Napier

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Betty Hale included an exertional limitation to light level work, restricted from a full range by such non-exertional limitations as (1) an inability to ever climb ladders, ropes or scaffolds; (2) an inability to more than occasionally climb ramps or stairs, balance, crouch, kneel or crawl; (3) a need to avoid exposure to whole body vibration, temperature extremes, dust, fumes and chemicals; and (4) the need for a sit/stand option. (Tr. 962-963). In response, Hale identified a significant number of jobs which could still be performed. (Tr. 964-966). Therefore, assuming that the vocational factors considered by the expert fairly characterized Napier's condition, a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned can find no error. Napier was found capable of performing a restricted range of light level work in an administrative decision which became final on March 21, 2002.[1] (Tr. 16-22.). Principles of res judicata require that the administration be bound by this decision unless a change of circumstances is proved upon a subsequent application. Drummond v. Commissioner of Social

---

[1] The undersigned affirmed this decision on October 15, 2003. (Tr. 422-430).

5

Security, 126 F.3d 837, 842 (6th Cir. 1997).  Acquiescence Ruling 98-4(6) instructs that the agency "must adopt [the residual functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding . . . ."  The ALJ's findings of a restricted range of light level work is in accord with these directives.

Dr. Mark Burns examined Napier and reported normal physical and orthopedic examination results.  (Tr. 736).  Dr. Burns imposed no physical restrictions on the plaintiff. (Tr. 740-743).  Therefore, this opinion does not suggest the existence of more severe impairments since the prior administrative denial decision.

Dr. Glen Baker evaluated Napier's pulmonary status.  Dr. Baker noted that a chest x-ray revealed 1/0 coal worker's pneumoconiosis.  (Tr. 551).  Pulmonary function testing and arterial blood gas studies were normal.  (Id).  Dr. Baker indicated that the plaintiff should avoid coal mining and exposure to dusty environments.  (Id.).  The administrative findings were also consistent with this opinion.

Such treating and examining sources as Dr. Michael Alexander (Tr. 560-567), Dr. Ashok Patel (Tr. 568-574), Dr. William Brooks (Tr. 575-578), the staff at the Appalachian Heart Center (Tr. 691-697), the staff at St. Joseph Healthcare (Tr. 705-

714, 728-733), Dr. Brett Scott (Tr. 716-720, 768-785), Dr. Elmer Ratliffe (Tr. 744-747), the staff at Appalachian Regional Healthcare (Tr. 748-750), and the staff at Gastroenterology Associates of Hazard (Tr. 751-758) all failed to report the existence of more severe physical restrictions than those found by the ALJ during the time period relevant to this appeal.[2] Thus, these reports do not support a claim of deterioration in the plaintiff's condition.

Dr. James Ramsey reviewed the record and opined that Napier would be limited to light level work restricted from a full range by an inability to stand or walk for more than two hours in an eight-hour day and an inability to more than occasionally climb ladders, ropes or scaffolds, stoop, kneel, crouch, or crawl. (Tr. 750-767, 786-794). Dr. Sudideb Mukherjee (Tr. 517) and Dr. Jorge Baez-Garcia (Tr. 533) also reviewed the record and opined that the claimant's physical problems were "less than severe." These opinions also do not indicate deterioration in Napier's condition since the prior adjudication.

Dr. Charles Hancock testified at the administrative hearing as a medical advisor. The ALJ presented to Dr. Hancock the residual functional capacity findings made by the ALJ during the adjudication of the prior DIB claim which included a limitation to light level work, restricted from a full range by an inability to more than

[2]The time frame relevant to this appeal runs from March 22, 2002, the day after the prior final administrative decision through the claimant's date last insured of December 31, 2005). (Tr. 346).

occasionally balance, crouch, kneel, crawl or climb ramps and stairs, an inability to ever climb ladders, ropes or scaffolds, and a need to avoid exposure to whole body vibration, temperature extremes, dust, fumes and chemicals. (Tr. 936). Based on his review of the current medical record, the doctor stated that these limitations were reasonable and even generous. (Id.). The current ALJ went on to present all of these restrictions to the vocational expert. Thus, this testimony also supports the administrative decision.

Dr. Richard Sheridan was the only physician of record to identify the existence of more severe physical restrictions than those found by the ALJ. Dr. Sheridan restricted the plaintiff to sedentary level work with an inability to sit for more than two hours a day or stand and walk for more than two hours a day. (Tr. 702-703). The claimant was said to have no ability to perform postural activities. (Tr. 703). The vocational expert indicated that such severe restrictions would not be compatible with full-time competitive employment. (Tr. 969). The ALJ rejected Dr. Sheridan's opinion as binding because he did not believe that it was well supported by objective medical evidence and it was offset by the opinions of numerous other examining sources including Dr. Burns, Dr. Scott, Dr. Brooks, and Dr. Bosomworth. (Tr. 354). The ALJ also relied heavily upon the opinion of Dr. Hancock in making this determination. (Id.).

09-101  Everett Wayne Napier

Napier argues that the ALJ erred in rejecting the opinion of Dr. Sheridan. The plaintiff notes that Dr. Hancock indicated that he rejected Dr. Sheridan's opinion in part because the record did not reveal that the claimant had undergone long-standing treatment for pain. (Tr. 938). Napier notes that the expert changed his mind on this point when medical records documenting such treatment were brought to his attention during the hearing. (Tr. 958). However, the court notes that this was not the only reason Dr. Hancock rejected Dr. Sheridan's opinion. The expert considered the examination results of Dr. Sheridan and Dr. Burns and while noting some minor discrepancies, stated that " . . . there's not really any significant difference in the exams." (Tr. 936). The doctor did not believe that Dr. Sheridan's severe restrictions were reasonable in light of the overall medical evidence. (Tr. 938). Later the doctor indicated that while he initially believed there had been a lack of ongoing treatment, this was only one factor he considered and he again noted a belief that Dr. Sheridan's residual functional capacity assessment finding was unreasonable. (Tr. 942). Therefore, the court finds that the ALJ had proper grounds to reject the opinion of Dr. Sheridan and rely upon those of Dr. Hancock and Dr. Burns.

Napier argues that the ALJ did not cite any reason for rejecting the credibility of his pain complaints. However, the ALJ noted a number of reasons for this finding which included his wide range of activities such as caring for his infirm mother,

attending college, driving and shopping. (Tr. 353). Pain complaints are to be evaluated under the standards announced in <u>Duncan v. Secretary of Health and Human Services</u>, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Napier was found to be suffering from a potentially painful condition. However, even if he could be found to have satisfied the first prong of the so-called <u>Duncan</u> test, the claimant does not meet either of the alternative second prongs. Dr. Scott, his treating neurosurgeon, noted normal gait with no weakness or atrophy in the upper and lower extremities. (Tr. 768). Sensation to light touch was normal. (Id.). Dr. Burns reported that his physical and orthopedic examinations were within normal limits. (Tr. 736). Dr. Hancock reviewed the record and thought that the prior ALJ's residual functional capacity assessment was reasonable. Thus, the medical evidence does not appear sufficient to confirm the severity of the alleged pain and objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling pain. Therefore, the ALJ would appear to have properly evaluated the claimant's pain complaints.

09-101  Everett Wayne Napier

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 30th day of December, 2009.

Signed By:

*G. Wix Unthank*    *GWU*

**United States Senior Judge**